## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| TREK BICYCLE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. :  09-cv-603 |
| TREK WINERY, LLC and ANDREW | ) | |
| PODSHADLEY, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF
ORIGIN, DILUTION, AND UNFAIR COMPETITION
SUBMITTED BY TREK BICYCLE CORPORATION
<u>INJUNCTIVE RELIEF SOUGHT</u>**

Plaintiff, Trek Bicycle Corporation ("Trek"), by its attorneys, complains against Defendants,

Trek Winery, LLC ("Trek Winery") and Andrew Podshadley ("Mr. Podshadley") (collectively

"Defendants"), as follows:

### <u>THE PARTIES</u>

1.      Trek Bicycle Corporation is a Wisconsin corporation having its principal place of

business at 801 West Madison Street, Waterloo, Wisconsin 53594.

2.      On information and belief, Trek Winery, LLC is a limited liability company

organized under the laws of the state of California, with a principal place of business at 383

Midway Boulevard, Novato, California 94947.

3.      On information and belief, Andrew Podshadley, an individual, is the owner and

principal of Trek Winery, LLC with his principal place of business at 383 Midway Boulevard,

Novato, California 94947.  On information and belief, Andrew Podshadley exerts personal control

over, directs, ratifies and sanctions the business decisions of Defendant Trek Winery.

## JURISDICTION AND VENUE

4.      Count I herein arises under the laws of the United States prohibiting infringement of federally registered trademarks, specifically the Lanham Act, 15 U.S.C. § 1114.  Count II is for false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Count III is for unlawful dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  Counts IV and V arise under the laws of the State of Wisconsin prohibiting unfair competition and trademark infringement.

5.      This Court has jurisdiction over the subject matter of this Complaint based on 28 U.S.C. §§ 1331, 1367 and 1338(a), as federal questions are presented.  This Court also has jurisdiction over the subject matter of this Complaint based on 28 U.S.C. §1332(a) as the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.  This Court has jurisdiction over Counts IV and V of this Complaint, jurisdiction being conferred in accordance with 28 U.S.C.  § 1367 and § 1338(b).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as Trek Bicycle Corporation is located in this district, and it is believed that Defendants own and operate a website accessible in this district through which they promote and sell their goods under the marks at issue in this action to consumers in this district, and have thereby committed the acts of infringement, false designation of origin and unfair competition complained of herein in this district, and have caused injury to Trek in this district.

## TREK BICYCLE CORPORATION, ITS BUSINESS AND ITS MARKS

7.      Trek is one of the largest manufacturers of bicycles, bicycle frames, bicycle parts, bicycle accessories, and related goods and services in the United States with an extensive independent dealer network currently consisting of approximately 1600 dealers nationwide, each of whom operate one or more retail bicycle stores.

8.      Trek is a very well-known corporation with a significant local presence in the State of Wisconsin, employing well over 900 people within the state.  Many of Trek's TREK brand bicycles are manufactured at Trek's Waterloo, Wisconsin facility.

9.      Trek began using its TREK mark at least as early as 1976 in connection with bicycles and bicycle frames and over the past 30 plus years has expanded use of its TREK family of marks beyond bicycles and bicycle frames to include hundreds of bicycle parts, accessories and other goods and services.

10.      Trek has continuously used "Trek" as part of its trade name, Trek Bicycle Corporation, since 1976.

11.      Since its first use of the TREK mark, Trek also has adopted, uses and licenses several marks that incorporate the TREK mark, or variations thereof, along with other letters or terms, and has sought and obtained federal registrations for its family of TREK marks, including but not limited to, the following:

| Mark | Reg. No. | Reg. Date | Goods/Services |
|------|----------|-----------|----------------|
| TREK TRAVEL | 3,031,210 | December 20, 2005 | Arranging travel tours featuring hiking, river rafting, whale watching, kayaking, and bicycling; cultural tours, namely, conducting sightseeing tours for others; Sporting and cultural activities related to bicycling, namely, wine tastings and cultural tours, namely, guided tours of wineries; Services for providing food and drinks and temporary lodging for those participating in bicycling activities and cultural activities related to bicycling, namely, hiking, river rafting, cultural tours, wine tastings, whale watching and kayaking |
| TREK | 2,708,232 | April 22, 2003 | Non-alcoholic beverages sold in liquid form, namely, non-carbonated fruit juices, either alone or flavored |

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| | | | with any or all of the following - water, herbs and spices; non-carbonated drinking waters either alone or flavored with any or all of the following - herbs, spices, and natural fruit flavors |
| TREK | 1,168,276 | September 8, 1981 | Bicycles and bicycle frames |
| TREK | 2,060,274 | May 13, 1997 | Cycling computers and head protective helmets for bicycle users; bicycles, bicycle frames, and a full line of parts and accessories for bicycles, namely, handlebars, seats, seat posts, seat post clamps and binder bolts, forks for supporting bicycles upon bicycle wheels, water bottles, water bottle cages, bicycle mounted racks, tools and tire repair kits for bicycles, lock holders, lighting systems for bicycles; exercise equipment, namely, stationary exercise cycles |
| TREK (Stylized) | 2,742,116 | July 29, 2003 | Bicycles and bicycle frames |
| TREK | 2,745,442 | August 5, 2003 | Bicycling apparel, namely, bicycling jersey; form fitting and reinforced seat elastic shorts; ankle length socks; wind resistant jackets with enhanced visibility fabric, extra sleeve length, high collar and extended length back panel; vests with enhanced visibility fabric, high collar and extended length back panel; padded and reinforced fingerless bicycling gloves |
| TREK | 3,053,077 | January 31, 2006 | Backpacks, fanny packs, textile tote bags, hip packs, messenger bags, rack trunks, saddle bags, bicycle seat packs, all purpose sports bags |
| TREK | 3,516,346 | October 14, 2008 | On-line retail and wholesale store services featuring a wide range of consumer products except footwear all provided via the Internet |
| TREK 100 | 1,994,479 | August 20, 1996 | Providing ride support vehicles in competitive and recreational events, namely bicycle tours, bicycle races, |

| Mark | Reg. No. | Reg. Date | Goods/Services |
|------|----------|-----------|----------------|
| | | | and triathlons |
| TREK 100 | 3,653,169 | July 14, 2009 | Charitable fund raising services by means of bicycle rides and entertainment events |
| TREK BICYCLE STORE | 3,397,739 | March 18, 2008 | Retail stores featuring bicycles |
| TREKLITE | 2,876,977 | August 24, 2004 | Orienteering equipment and clothing for outdoor sporting activities, namely, protective outer wear; orienteering equipment and clothing for outdoor sporting activities, namely, leggings, pants, gators, shirts, and jackets |
| TREK UNIVERSITY | 3,042,834 | January 10, 2006 | Instructional and training services in the field of retailing bicycles, bicycle clothing and bicycle accessories, and in the fields of bicycle safety, bicycle recreation, bicycle service and bicycle repair |
| ETREK | 2,687,012 | February 11, 2003 | On-line retail and wholesale store services, featuring a wide range of consumer products, except footwear, all provided via the Internet. |
| TREKER | 3,066,516 | March 7, 2006 | Off-Road All-Terrain Utility Vehicles |

By virtue of these registrations, under the Lanham Act, 15 U.S.C. §§ 1057(b) and 1115, Trek has the exclusive right to use these registered marks. Lanham Act, 15 U.S.C. §1115(b). Copies of the aforementioned registrations are attached hereto as Exhibit 1.

12.     Furthermore, some of these registrations have become incontestable under the Lanham Act, 15 U.S.C. § 1065, and thus serve as conclusive evidence of the validity of the mark, Trek's ownership of the mark and Trek's exclusive right to use the registered mark. Lanham Act, 15 U.S.C. § 1115(b).

13.    Trek also owns a pending, approved Application under Application Serial No. 77/476296 for the mark TREK for "powders used in the preparation of sports drinks and energy drinks" in Class 32.  On August 26, 2009, Trek filed its Statement of Use evidencing its use of the mark in commerce in connection with powdered sports and energy drinks.  See Exhibit 2.

14.    Trek and its licensees offer a variety of services in connection with the TREK family of marks, including but not limited to (a) arranging bicycling vacations featuring other activities such as wine tastings and guided tours of wineries, hiking, river rafting, whale watching, kayaking; (b) providing food, drinks and accommodation for those participating in bicycling vacations and other activities related to bicycling; (c) providing ride support vehicles in competitive and recreational events, namely bicycle tours, bicycle races and triathlons; (d) providing instructional and training services in the field of retailing bicycles, bicycle clothing and bicycle accessories and in the field of bicycle safety, bicycle recreation, bicycle service and bicycle repair; (e) offering educational services, namely, providing seminars and clinics relating to the use of bicycles and exercise equipment; and (f) providing on-line retail and wholesale store services via the Internet.

**Promotion of the TREK Marks.**

15.    Trek advertises and promotes many of the goods and services offered in connection with the TREK family of marks via its website at www.trekbikes.com, which received nearly 12 million individual user sessions in 2008.  Through its website, Trek also sells many of its products through the eTREK online store and provides consumers with contact information for its dealers.

16.    Trek has and continues to extensively promote, advertise and use the TREK family of marks in a variety of media throughout the United States and abroad and has continuously used the marks to distinguish its goods and services from those offered by others.  Trek extensively advertises and promotes its products and services offered under the TREK family of marks in nationally-circulated magazines, including, *inter alia, Bicycling*, *Road Bike*, *Mountain Bike Action,*

*Road*, *VeloNews* and *DirtRag*, as well as in other publications and media.  Trek's TREK branded products and services are also routinely featured in articles and reviews in said publications and on their accompanying websites.  Exhibit 3 includes true and correct copies of recent representative samples of such advertising and promotional materials, as well as articles featuring Trek's TREK branded products and services.

17.    Trek has and continues to advertise and promote the products and services sold under its TREK family of marks via television advertisements, including, *inter alia,* advertisements appearing on the Versus channel during the annual telecast of the Tour de France.

18.    Trek also advertises and promotes its products and services sold under the TREK family of marks on brochures, flyers, catalogs, emails, e-newsletters and other promotional materials.  Representative samples of such uses are attached hereto as Exhibit 4.

19.    In addition to the foregoing, Trek also promotes the sale of its products and services with and through its dealer network, which advertises, promotes, and sells goods and services under the TREK family of marks via point of purchase materials, signage, brochures, banners and the like. Many of these advertising and promotional tools and materials are provided to the dealers by Trek. See Exhibit 4.

20.    Trek has and continues to advertise and promote the products and services sold under its TREK family of marks by sponsoring amateur and professional bicycle racing teams, including the United States Postal Service Pro Cycling Team, Discovery Channel Pro Cycling Team and Astana Pro Cycling Team, each of which included 7-time Tour de France winner Lance Armstrong. The racing teams exclusively use Trek bikes and Trek's TREK mark appears on the bikes, as well as on their uniforms.  Attached as Exhibit 5 are true and correct copies of representative samples showing such use.

21.    Trek's licensee, Trek Travel, LLC (hereinafter "Trek Travel"), also offers exclusive bicycle tours in connection with professional bicycle races, including the Tour de France and the Tour of California.  During the Tour of California trips, riders are given front-row seats for the race, the opportunity to ride the race route and the enjoyment of tasting spectacular California cuisine with wine pairings from local wineries.  During many of the tours, including the Tour of California, riders are also given the opportunity to meet cycling pros, including Lance Armstrong and Levi Leipheimer, who may join in on some of the tour activities.

22.    Trek has invested extensively in creating, promoting and maintaining the goodwill associated with its TREK family of marks.  Trek has spent considerable time and money in advertising and promoting its products and services offered in connection with its TREK family of marks.  In 2008, Trek spent in excess of $13 million on said advertising in North America alone.

23.    As a result of Trek's substantial advertising and promotional efforts for the products and services offered in connection with its TREK family of marks, as well as its dedication to providing best in class bicycle products and services, Trek has secured the recognition and goodwill of the general public and its customers.  Indeed, Trek's TREK mark has become famous and is highly regarded and respected by the general public and its customers.  This success is evidenced by the tremendous revenues realized by Trek in connection with the sale of its TREK branded goods and services.  For example, in 2008 alone, Trek's TREK branded products and services generated hundreds of millions of dollars in sales.

24.    To further evidence their popularity and high quality, Trek's TREK bikes are often rated as the number one bike owned by consumers in surveys such as the *Bicycling Magazine* Subscriber Study, the *Cycle* Sport Reader Survey and the *Inside Triathlon* Reader Survey.  In the *Bicycling Magazine* and *Cycle Sport* Reader surveys, Trek's TREK bikes are routinely the number

one brand of bicycles purchased by consumers and/or considered by consumers for their next purchase. Representative samples of recent studies are attached hereto as Exhibit 6.

**Use of TREK TRAVEL for Cycling Vacations in California Wine Country and Beyond.**

25.     Since at least as early as 2003, Trek's licensee, Trek Travel, has offered a variety of bicycling vacations in various locations worldwide, including trips in California wine country. The California wine country trips and many of the other trips feature wine tastings and winery and vineyard tours.

26.     Trek Travel offers a variety of cycling vacations in California wine country, including 3-day, 4-day and 6-day tours and tours that follow the popular professional bike race, the Tour of California. Trek Travel's cycling vacations cover various wine regions in California, including the Sonoma and Napa Valleys, Santa Barbara wine country and the northern coast. During Trek Travel's cycling vacations, guests visit numerous wineries spread out over large geographic regions of California, including some of the most popular and most exclusive wineries and vineyards in California. Trek Travel's cycling vacations provide consumers with an inside look at some of the top U.S. wineries, the chance to taste wines and the opportunity to participate in a cycling trip on a TREK bike. Attached as Exhibit 7 are representative sample of brochures and website printouts featuring the TREK TRAVEL cycling vacations.

27.     Trek Travel's cycling vacations offer winery and vineyard tours, meetings with winemakers, wine tastings, upscale dining featuring internationally-inspired cuisine and wine, gourmet picnics and wine, shopping excursions, luxury accommodations and spa treatments for its guests.

28.     During the Trek Travel cycling vacations, participants can and do purchase wine from wineries visited during the trips.

29.     Participants of Trek Travel's cycling vacations are provided with a TREK Madone road bicycle to ride, a jersey or other clothing items, water bottles, and other accessories bearing the TREK TRAVEL mark during the trips.

30.     Since 2003, Trek Travel has extensively advertised and promoted its wine country cycling vacations in a variety of media, including, *inter alia, Bicycling* and *VeloNews* magazines, MapMyRide.com, Active.com, Trek's website www.trekbikes.com, and through the www.trektravel.com website, which itself had 271,328 individual user sessions in 2008.  Trek Travel also extensively promotes its vacations through Trek's dealer network.  Many dealers promote TREK TRAVEL trips via their websites, by hosting wine and cheese parties at their stores and by providing consumers with catalogs for TREK TRAVEL vacations.

31.     As a result of its extensive advertising and promotion and its dedication to providing best in class services, Trek Travel's cycling vacations are well-known and are highly regarded by consumers and the trade.  Trek Travel's cycling vacations have frequently been recognized in nationally-circulated publications.  For example, in 2007, Trek Travel's cycling vacation across the U.S. was recognized as one of the "Best Trips of 2007" by *Outside* magazine.  In 2008, Trek Travel's cycling vacation across the U.S. was listed as one of the "15 Trips We Love" by *Bicycling Magazine*.  In 2009, Trek Travel was voted as one of the best travel companies in *National Geographic Adventure Magazine's* "Best Adventure Travel Companies on Earth" survey.  Copies of these articles are attached hereto as Exhibit 8.

32.     Trek Travel's cycling vacations through California wine country are some of Trek's most popular vacations and nearly 1500 people participated in the trips between 2003 – 2009.  Indeed, Trek Travel's "California Wine Country" cycling vacation in the Napa and Sonoma regions of California is its most popular trip in North America and one of its top three trips worldwide.

33.    Trek Travel also offers cycling vacations featuring wine tastings and winery and vineyard tours in other locations within the United States, including Oregon, as well as numerous locations outside of the United States, including Italy, Spain, France, Ireland, Czech Republic, Austria, Australia and New Zealand.  See Exhibit 7.

**Use of TREK on Energy Drinks.**

34.    Since as early as 1999, Trek and its licensees have also offered sports drinks, energy drinks, energy gels and energy bars under various trademarks, including the TREK mark.

35.    Between 2003 and 2007, Trek licensed use of its TREK mark to Leading Brands, Inc. for use in connection with bottled sports and energy drinks.  See Exhibit 9.

36.    Between 2003 and 2007, sales of the TREK brand sports and energy drink products in the United States were nearly $4.1 million.

37.    Since its first use of the TREK mark in connection with its brand of sports and energy drinks in 2003, the product gained recognition in the trade and among the consuming public. Indeed, in March 2007, the "TREK Natural Sports Drink" product received second place in the 2007 Beverage Innovation Awards, Functional Drink category.  See Exhibit 10.

38.    Between November 2007 and August 2009, the sale of TREK brand sports and energy drink products ceased while Trek worked on developing a new energy drink product to be sold under the TREK mark.

39.    On August 10, 2009, Trek launched its new powdered energy drink, which bears the TREK mark.  See Exhibit 11.  Trek's energy drink product is available for purchase by the public via Trek's nationwide network of over 1600 dealers.

40.    Participants of Trek Travel's cycling vacations will soon be provided with Trek's TREK brand sports energy drink during the trips.

**Overlap with Defendants' Products.**

41.    TREK TRAVEL cycling vacations are offered in close proximity to Defendants' winery, and they feature winery tours and tastings.  Moreover, Trek has sold beverages under the TREK mark since 2003.  Both the TREK TRAVEL services and the TREK energy drink are closely related and/or complementary to the Defendants' wine production services and wine products and are in the same and/or overlapping channels of trade and marketed and sold to the same types of end consumers.

## DEFENDANTS TREK WINERY AND ANDREW PODSHADLEY AND THEIR INFRINGING ACTIONS

42.    Long after Trek and its licensees began advertising and selling products and services under Trek's TREK family of marks, including Trek Travel's cycling vacations featuring winery and vineyard tours and incorporated wine tastings, and Trek's sports and energy drink products, Defendants, without any authorization from Trek, adopted and began utilizing TREK WINERY and TREK WINE, which are confusing similar to Trek's well-known TREK family of marks, and which incorporate the identical famous TREK mark, in U.S. commerce in connection with wine production services and wine products.  Representative samples of Defendants' use of TREK WINERY and TREK WINE are attached hereto as Exhibit 12.

43.    On information and belief, Defendant uses the TREK WINERY and TREK WINE marks in connection with the production of private label wine products, which may be offered to other wineries and wine distribution companies located in California and other states, including wineries and wine distributors that may be visited during Trek Travel's cycling vacations.

44.    On information and belief, Defendants sell wine products that prominently display the mark TREK WINE on the labels.

45.     On information and belief, Defendants sell and/or promote their TREK WINE products and TREK WINERY services via the Internet, as does Trek.

46.     On information and belief, Defendants own the website accessible at www.trekwines.com, registered by Defendants on January 28, 2008, which incorporates Trek's identical famous TREK mark, where Defendants promote, advertise and provide pricing and product specifications for their TREK WINE products.  Defendants also provide consumers with Defendants' contact and ordering information for Defendants' TREK WINE products.  True and correct copies of printouts from Defendants' www.trekwines.com website are attached hereto as Exhibit 13.

47.     On information and belief, on or around July 18, 2007, Defendants filed an Intent to Use application with the United States Patent and Trademark Office ("USPTO") under Application Serial No. 77/229,616 for the mark "TREK WINERY" in Class 40 for "custom production of wine for others" in the name of Defendant Andrew Podshadley.  See Exhibit 14.

48.     On or around May 27, 2008, Defendants' application was published for opposition by the USPTO.

49.     Shortly after the publication of Defendants' mark, Trek discovered the existence of Defendants' application for TREK WINERY and contacted the Defendants, objecting to their proposed use of the TREK WINERY mark and any marks incorporating the TREK mark for wine related products and services.

50.     For several months prior to filing this lawsuit, Trek was involved in discussions with Defendants in an attempt to resolve this dispute, to no avail.

51.     During those discussions, in or around June of 2009, Trek learned that in addition to making wines for others, Defendants were also currently using the mark TREK WINE in U.S.

commerce on their own wine products, and that Defendants were advertising said products on Defendants' website www.trekwines.com.

52.    Defendants are also currently using the TREK WINERY mark in connection with the production of wine.

53.    Long after Trek and its licensees began promoting and providing goods and services in connection with the TREK family of marks, Defendants, without any authorization from Trek, began utilizing TREK WINERY and TREK WINE in interstate commerce in connection with wine products and wine production services. Defendants' products and services are closely related to, complementary to and/or likely to be perceived as being affiliated with goods and services promoted and sold by Trek in connection with its TREK family of marks.

54.    On information and belief, Defendants' goods and services are intended to be, and are in fact, targeted towards a substantial segment of the public that has long been familiar with Trek's and Trek's licensees' goods and services and the TREK family of marks.

55.    Defendants have incorporated Trek's famous trademark TREK into their domain name, www.trekwines.com, where Defendants advertise their TREK WINERY and TREK WINE goods and services, prominently display the TREK WINERY and TREK WINE marks, and allow consumers to order their TREK WINE products from Defendants via the website.

56.    On information and belief, Andrew Podshadley is the owner and principal of, and exerts personal control over, the business decisions of Defendant Trek Winery, LLC. On information and belief, Andrew Podshadley personally directs, controls, ratifies, sanctions, and/or personally participates in selecting and/or approving the trademarks used by Defendant Trek Winery. In particular, Mr. Podshadley, acting as owner/principal and primary decision maker, specifically personally directed, controlled, ratified, sanctioned, and/or personally participated in (1) the selection and/or approval of the marks TREK WINERY and TREK WINE; (2) the selection

and/or approval of the marketing materials and website marketing of TREK WINERY and TREK WINE and Defendants' products and services sold in connection with TREK WINERY and TREK WINE; and (3) the selection and/or approval of the use of the domain name www.trekwines.com.

## COUNT I
### Trademark Infringement
### Under the Lanham Act, 15 U.S.C. § 1114

57.     Trek repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 56 inclusive.

58.     Defendants' unauthorized use of TREK WINERY and TREK WINE in connection with wine production services and wine products is confusingly similar to Trek's TREK family of marks used in connection with Trek Travel's cycling vacations featuring winery and vineyard tours and incorporated wine tastings.  TREK WINERY and TREK WINE incorporate Trek's identical famous TREK mark and are used in connection with goods and services that are closely related to, complementary to and/or likely to be perceived as being affiliated with Trek Travel's cycling vacations featuring winery and vineyard tours and incorporated wine tastings offered in connection with Trek's TREK family of marks.  Additionally, Defendants have registered the domain name www.trekwines.com which incorporates Trek's identical TREK mark, and are using the website accessible at that address to advertise and provide ordering information for Defendants' TREK WINERY and TREK WINE products and services.  The addition of the terms "winery," "wine" and "wines" in Defendants' use of TREK WINERY, TREK WINE and domain name www.trekwines.com does nothing to alleviate this likelihood for confusion, as Trek has adopted and uses several marks consisting of the TREK mark and other letters or words.

59.     Furthermore, Trek Travel's cycling vacations featuring winery and vineyard tours and incorporated wine tastings and Defendants' goods and services are aimed at many of the same types of consumers, including consumers interested in purchasing and consuming wine.

Defendant's wine products and services may be offered in the same or overlapping channels of trade as Trek Travel's cycling vacations featuring winery and vineyard tours and incorporated wine tastings, i.e., wineries, vineyards, wine producers, wine distributors, and via the Internet and online retailers. Thus, consumers will reasonably assume that Defendants' wine products and wine production services offered in connection with TREK WINERY, TREK WINE and the domain name www.trekwines.com originate from or are affiliated with, licensed, endorsed, sponsored or otherwise approved by Trek.

60.     Defendants' unauthorized use of TREK WINERY, TREK WINE and the domain name www.trekwines.com in connection with wine products and wine production services is likewise confusingly similar to Trek's TREK family of marks used in connection with sports and energy drink products. TREK WINERY, TREK WINE and www.trekwines.com, which incorporate Trek's identical famous TREK mark, are used in connection goods and services that are closely related to, complementary to and/or likely to be perceived as being affiliated with Trek's sports and energy drinks offered in connection with Trek's TREK family of marks. Trek's sports and energy drink products and Defendants' wine products are targeted to the same types of consumers, including those purchasing beverage products. Defendants' wine products may be offered in the same channels of trade as Trek's sports and energy drinks, i.e., retail outlets, the Internet and online retailers. Thus, consumers will reasonably assume that Defendants' wine products and wine production services offered in connection with TREK WINERY, TREK WINE and the domain name www.trekwines.com originate from or are affiliated with, licensed, endorsed, sponsored or otherwise approved by Trek.

61.     Defendants' unauthorized use of TREK WINERY, TREK WINE and the domain name www.trekwines.com is likely to cause confusion, to cause mistake, or to deceive consumers into believing that Defendants' goods and services are Trek's goods and services, and/or that

Defendants' goods and services are in some way sponsored by, connected to or affiliated with Trek or the goods and services of Trek within the meaning of 15 U.S.C. § 1114.

62.     Defendants' unauthorized use of TREK WINERY, TREK WINE and the domain name www.trekwines.com jeopardizes the entire goodwill symbolized by Trek's registrations and common law rights, causing serious and irreparable injury to Trek.

63.     Trek has requested that Defendants cease and desist from these unauthorized and infringing uses of designations confusingly similar to Trek's TREK family of marks, and Defendants have not complied with these demands despite notification of Trek's rights.

64.     On information and belief, Defendants' unauthorized adoption and continued use of designations confusingly similar to Trek's TREK family of marks, after being specifically apprised of Trek's registrations and common law rights, is willful and has been done with the intention of trading upon the goodwill built up by Trek in its TREK family of marks.  Defendants' willful conduct is further evidenced by the fact that Defendants registered and maintain the domain name, www.trekwines.com, which incorporates Trek's identical TREK mark, and are using this website to advertise and provide ordering information for Defendants' TREK WINERY and TREK WINE products and services.

65.     Trek is without an adequate remedy at law.

## COUNT II
### False Designation of Origin
### Under the Lanham Act, 15 U.S.C. § 1125(a)

66.     Trek repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 65 inclusive.

67.     Defendants' unauthorized use of TREK WINERY, TREK WINE and the domain name www.trekwines.com so resembles Trek's TREK family of marks used in connection with closely related and/or complementary goods and services, and goods and services likely to be

perceived as being affiliated with Trek's goods and services, as to be likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Trek, and as to origin, sponsorship or approval of Defendants' goods, services and other commercial activity within the meaning of 15 U.S.C. § 1125(a).

68.    Defendants' unauthorized use of TREK WINERY, TREK WINE and the domain name www.trekwines.com jeopardizes the entire goodwill built up by Trek in the TREK family of marks, causing serious irreparable injury to Trek, for which Trek has no adequate remedy at law.

### COUNT III
### Dilution
### Under the Lanham Act, 15 U.S.C. § 1125(c)

69.    Trek repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 68 inclusive.

70.    Due to 30 plus years of continuous use and extensive advertising, promotion and widespread acceptance by the trade, Trek's TREK mark has become famous within the meaning of the Lanham Act, 15 U.S.C. § 1125(c), and is highly regarded and respected by the general public and customers.

71.    Defendants' unauthorized use of TREK WINERY, TREK WINE and the domain name www.trekwines.com began after Trek's TREK mark became famous.

72.    Defendants' unauthorized use of TREK WINERY, TREK WINE and the domain name www.trekwines.com in commerce in connection with wine products and wine production services causes a likelihood of dilution of the distinctive quality of Trek's TREK mark in violation of 15 U.S.C. §1125(c).

## COUNT IV
## Unfair Competition
## Violation of Wisconsin Common Law

73.    Trek repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 72 inclusive.

74.    Defendants' unauthorized use of TREK WINERY, TREK WINE and the domain name www.trekwines.com in connection with wine products and wine production services is likely to cause confusion or misunderstanding as to affiliation, connection, or association with the goods and services of Trek offered in connection with Trek's TREK family of marks.

75.    Defendants' unauthorized use of TREK WINERY, TREK WINE and the domain name www.trekwines.com in connection with wine products and wine production services jeopardizes the entire goodwill built up by Trek in its TREK family of marks, causing serious irreparable injury to Trek for which Trek has no adequate remedy at law.

76.    By virtue of Defendants' acts hereinabove pleaded, said Defendants have violated Wisconsin common law prohibiting unfair competition.

## COUNT V
## Trademark Infringement
## Violation of Wisconsin Common Law

77.    Trek repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 76 inclusive.

78.    Defendants' unauthorized use of TREK WINERY, TREK WINE and the domain name www.trekwines.com in connection with wine products and wine production services is likely to cause confusion or misunderstanding as to affiliation, connection, or association with the goods and services of Trek offered in connection with Trek's TREK family of marks.

79.    Defendants' unauthorized use of TREK WINERY, TREK WINE and the domain name www.trekwines.com in connection with wine products and wine production services

jeopardizes the entire goodwill built up by Trek in its TREK family of marks, causing serious irreparable injury to Trek for which Trek has no adequate remedy at law.

80.    By virtue of Defendants' acts hereinabove pleaded, said Defendants have violated Wisconsin common law prohibiting trademark infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Trek prays for a judgment against Defendants as follows:

A.    For a preliminary and a permanent injunction immediately restraining Andrew Podshadley, Trek Winery, LLC, their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with them from:

(1)    using TREK WINERY and TREK WINE, or anything confusingly similar to Trek's marks, in connection with the advertising, sale, or promotion of wine related goods and services, including but not limited to wine products and the production of wine;

(2)    using the mark "TREK", or any marks comprised of or incorporating the term "TREK", or anything confusingly similar thereto, in connection with the advertising, sale, or promotion of wine related goods and services, including but not limited to wine products and the production of wine;

(3)    using the mark "TREK", or any marks comprised of or incorporating the term "TREK", or anything confusingly similar thereto in its domain names or on or in connection with its website(s) for use in connection with the advertising, sale, or promotion of wine related goods and services, including but not limited to wine products and the production of wine;

(4)    registering or applying to register the TREK WINERY or TREK WINE

marks, or any marks incorporating the term TREK or anything confusingly similar thereto,

with the United States Patent and Trademark Office for use in connection with wine related

goods and services, including but not limited to wine products and the production of wine;

and

(5)    holding out in any manner whatsoever that Defendants or Defendants' goods

and services are in any way sponsored by, associated with, connected to, licensed by or

affiliated with Trek, or the products and related services of Trek.

B.    That Defendants be directed to immediately take the necessary steps to transfer

ownership of the www.trekwines.com domain name to Plaintiff Trek Bicycle Corporation.

C.    That any such injunction include a provision directing the Defendants to file with the

Court and serve on Trek within thirty days after the service on the Defendants of such injunction, a

report in writing under oath setting forth in detail the manner and form in which the Defendants

have complied with the injunction, pursuant to 15 U.S.C. § 1116.

D.    That Defendants be directed to deliver to Trek during the pendency of this action and

for subsequent destruction at the conclusion of this action, all products and materials of any nature

whatsoever bearing the mark TREK, variations thereof, or anything confusingly similar thereto, or

any reproductions or imitation of Trek's marks or registrations as alleged herein pursuant to 15

U.S.C. § 1118.

E.    That Defendants be required to make an accounting to Trek and be directed to pay

over to Trek all gains, profits and advantages realized by Defendants from the sale of goods and

services bearing the infringing designation, pursuant to 15 U.S.C. § 1117.

F.    That Defendants be directed to pay to Trek all damages suffered by Trek in

accordance with the law pursuant to 15 U.S.C. § 1117 and such damages to be trebled.

G.     That Defendants be directed to pay Trek's reasonable attorney's fees and all costs

connected with this action pursuant to 15 U.S.C. § 1117.

H.     That Trek have such other and further relief that the Court may deem just and proper.

Respectfully submitted,

Date: October 1, 2009                          s/ W. David Shenk
                                               W. David Shenk

                                               WHYTE HIRSCHBOECK DUDEK S.C.
                                               33 East Main Street
                                               Suite 300
                                               Madison, WI 53703-4655
                                               Telephone:  608-255-4440
                                               Fax:  608-258-7138
                                               E-mail:  dshenk@whdlaw.com

OF COUNSEL:
Mark J. Liss
Anne E. Naffziger
Angela J. Baylin

LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601-6780
Telephone:  312-616-5600
Facsimile:  312-616-5700
E-mail:abaylin@leydig.com
        anaffziger@leeydig.com
        mliss@leydig.com

WHD/6708163.1                          22