IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TREK BICYCLE CORPORATION,

                              Plaintiffs,

        v.                                        OPINION AND ORDER

TREK WINERY, LLC and                                   09-cv-603-vis
ANDREW PODSHADLEY,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On September 2, 2008, plaintiff Trek Bicycle Corporation initiated this civil action

against defendants Trek Winery, LLC and Andrew Podshadley, alleging that defendants have

violated federal and state trademark infringement laws by using plaintiff's "TREK" marks.

Now before the court is defendants' motion to dismiss the case for lack of personal

jurisdiction under Fed. R. Civ. P. 12(b)(2).  Dkt. #25.  Subject matter jurisdiction is present

under 28 U.S.C. §§ 1331 and 1367.

Defendants' motion will be granted because plaintiff has failed to make a prima facie

showing that personal jurisdiction exists over defendants.  Specifically, plaintiff has failed

to show that defendants have sufficient contacts with Wisconsin to satisfy the personal

jurisdiction requirements of the Fourteenth Amendment's due process clause.

1

For the sole purpose of deciding this motion, I find the following material facts from the allegations in the complaint, the affidavits submitted by the parties and defendant Podshadley's deposition testimony.  (Although plaintiff cites several exhibits to Podshadley's deposition, it did not file copies of those exhibits.)

## JURISDICTIONAL FACTS

### A.  <u>Parties</u>

Plaintiff Trek Bicycle Corporation is a Wisconsin corporation with its principal place of business in Waterloo, Wisconsin.  Plaintiff is one of the largest manufacturers of bicycles, bicycle frames, bicycle parts, bicycle accessories and related goods and services in the United States.  It has an extensive independent dealer network consisting of approximately 1600 dealers nationwide, each of whom operates one or more retail bicycle stores.  Plaintiff began using its TREK mark at least as early as 1976 in connection with bicycles and bicycle frames.  Over the past 30 years, it has expanded its use of the TREK marks beyond bicycles and bicycle frames to include other goods and services.  Since at least 2003, plaintiff's licensee, Trek Travel, has offered a variety of bicycling vacations in various locations worldwide, including trips in California wine country where defendant Trek Winery is located.  Plaintiff has sold energy drinks under the TREK mark since 2003.

2

Defendant Trek Winery, LLC is a limited liability company organized under the laws of the state of California, with its sole place of business in Novato, California.  Defendant Andrew Podshadley and his wife, Elizabeth, have owned and operated Trek Winery since they formed it in 2007 and are the winery's only employees.  Defendants work with grape growers who ship their grapes to defendants' warehouse where defendants process the fruit and age, bottle and sell the wine.

### B.  Trek Winery's Website

Defendants maintain a passive website located at trekwines.com.  The website has six static pages, consisting of a home page, a page discussing their merlot, a page discussing their sauvignon blanc, a page discussing their chardonnay, an "About Us" page and a page that provides pricing information and Podshadley's e-mail address.  The website is not interactive and is not set up for purchases.  People wishing to purchase wine are directed to contact Podshadley at his e-mail address, which is the only contact information appearing on the website.

The website is accessible to anyone with internet access, including Wisconsin residents.  It does not include any language indicating that defendants cannot or will not take orders from Wisconsin residents or cannot or will not ship their wine into Wisconsin.

C. Defendants' Contacts with Wisconsin

Defendants do not do business, solicit sales, advertise their wines or have property, offices, employees or assets in Wisconsin. Podshadley has not traveled to Wisconsin for business and has not been to Wisconsin in the past 16 years. Defendants do not have agents or distributors in Wisconsin, and no Wisconsin retailers carry their wine.

Defendants sell their wine to restaurants, hotels and individuals. Sixty percent of their sales are to individuals. At present, no distributors carry defendants' wine, but defendants have commitments from some distributors to do so in the future. One third-party website promotes defendants' wine by directing them to the Trek Winery website, but defendants do not have a working relationship with the company that runs the website.

Podshadley's aunt, Sally Kehl, lives in Wisconsin. In April 2008, Podshadley sent Kehl a wine tasting event invitation that contained the Trek Winery and TREK WINE designations, a photograph of a TREK WINE bottle, a promotion of defendants' wine club and Podshadley's phone number. On November 24, 2008, Kehl contacted Podshadley by telephone to purchase six bottles of wine. Podshadley shipped the wine to her residence in Sullivan, Wisconsin. With the shipment, defendants included flyers describing their wine varietals (or "wine notes") and an informational brochure and order form. Podshadley also made a second, separate sale to Kehl on November 24, 2008, and shipped it to Kehl's son, Erik Kehl, who resides in Franklin, Wisconsin.

4

Trek Winery sold 226 cases of wine in 2009. almost all of which were to customers in California.  In 2009, defendants shipped two cases of wine to Wisconsin.  Podshadley received an order for a case of wine from Jane Burns of Burns Mediation Services in Wisconsin, who is the wife of a Trek Bicycle Corporation employee.  Before filing this lawsuit, plaintiff had asked Burns to contact defendants through their website to order a case of wine for delivery in Wisconsin.  Plaintiff took that action to confirm that defendants were able and willing to sell wine into the state.  Along with the shipment, Podshadley enclosed several promotional materials, including an informational brochure and order form, his business card, an invoice and a key chain carabineer displaying defendants' name and website address.

Defendants are not licensed to sell alcoholic beverages in Wisconsin and do not have a direct wine shipper permit or out-of-state shippers' permits that would permit them to ship alcoholic beverages to Wisconsin.  Because Podshadley inadvertently shipped wine to Wisconsin without the necessary permits, he has contacted the Wisconsin Department of Revenue to determine what he needs to do to come into compliance with state regulations.  However, Podshadley does not intend to get a Wisconsin license to sell wine because he does not think it would be worth it to his business.

Defendants maintain a mailing list of 167 individuals to whom they distribute electronic newsletters three times a year.  The newsletters advertise and promote Trek Winery and TREK WINE products.  Kehl is on the mailing list.

Defendants participate in the California Waterfowl Association wine program, which allows residents from any state to sign up for membership or make donations by simply filling out an online form and paying a registration fee.  The bottles produced and distributed by defendants in connection with the wine program bear the association's labels on the front.  However, the back labels indicate that the wine is produced by Trek Winery. The association promotes the wine program and defendants' involvement on its website, www.calwaterfowl.org, which is accessible in all states, including Wisconsin.  The association website states that Trek Winery sells and distributes the wine for the program directly to individuals ordering the wine and instructs individuals to click on a link that redirects the user to an order form for the wine.  The order form provides the Trek Winery phone number, mailing address and fax number.  The form also allows for shipment of the wine throughout the country.  In the "payment information" section, a notice states that the customer's signature on the order form authorizes Trek Winery to process payment.  This order form is accessible on the association website to anyone residing in any state, including Wisconsin.  Other than a minimum 21-year old age, there are no limitations as to who may order the wine or where it may be shipped.

Defendant Trek Winery has a "fan page" on the social media site, Facebook, and has 21 fans.  The site advertises and promotes defendants' wines and is accessible to residents of Wisconsin.

OPINION

On a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the burden of proof rests on the party asserting jurisdiction—in this case, plaintiff. Hyatt International Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002).  Unless the court holds an evidentiary hearing, a party meets this burden by making a prima facie showing that personal jurisdiction exists.  Id.  "In evaluating whether the prima facie standard has been satisfied, the plaintiff 'is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record.'"  Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 781 (7th Cir. 2003) (quoting Nelson v. Park Industries, Inc., 717 F.2d 1120, 1123 (7th Cir. 1983)).

A federal court has personal jurisdiction over a non-consenting, nonresident defendant to the extent authorized by the law of the state in which that court sits, Giotis v. Apollo of the Ozarks, Inc., 800 F.2d 660, 664 (7th Cir. 1986), unless the federal statute at issue permits nationwide service or the defendant is not subject to personal jurisdiction in any state in the United States, Fed. R. Civ. P. 4(k) and Janmark, Inc. v. Reidy, 132 F.3d

7

1200, 1201-02 (7th Cir. 1997).  Because neither exception applies in this case, the issue is whether personal jurisdiction exists over defendants under Wisconsin law.

To demonstrate personal jurisdiction, a plaintiff must show that jurisdiction would exist under the Wisconsin long-arm statute, Wis. Stat. § 801.05, and satisfy the reuirements of the United State Constitution's due process clause, <u>Logan Productions, Inc. v. Optibase, Inc.</u>, 103 F.3d 49, 52 (7th Cir. 1996).  Although the standard under the long-arm statute is not identical to the standard under the due process clause, <u>Ricoh Co., Ltd. v. Asustek Computer, Inc.</u>, 481 F. Supp. 2d 954, 958 (W.D. Wis. 2007), the fundamental question is the same for both, which is whether the defendant has sufficient contacts with the state of Wisconsin to make it fair to make him litigate in a court in this state.  Plaintiff asserts that defendants are subject to personal jurisdiction under §§ 801.05(3) (claim of injury arising out of act occurring within state) and 801.05(4) (injury to person or property in state from act occurring outside state by defendant who solicits or provides goods or services within state) of Wisconsin's long-arm statute.  However, because I conclude that plaintiff has failed to meet the constitutional requirements for jurisdiction, it is unnecessary to decide whether it also has met the requirements of Wis. Stat. § 801.05.  <u>Hy Cite Corp. v. badbusinessbureau.com, L.L.C.</u>, 297 F. Supp. 2d 1154, 1157 (W.D. Wis. 2004) (citing <u>Steel Warehouse of Wisconsin, Inc. v. Leach</u>, 154 F.3d 712, 714 (7th Cir. 1998)).

8

Under the due process clause, a nonresident defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945) (quoting <u>Milliken v. Meyer</u>, 311 U.S. 457, 463 (1940)).  Contacts that are "random, isolated, or fortuitous" are insufficient.  <u>Keeton v. Hustler Magazine, Inc.</u>, 465 U.S. 770, 774 (1984).  In other words, "[t]he minimum contacts with the forum state must be the result of the defendant's purposefully availing itself of the privilege of conducting business in the forum state, thereby invoking the protections and benefits of the forum state's law."  <u>Hy Cite</u>, 297 F. Supp. 2d at 1158 (citing <u>Hanson v. Denckla</u>, 357 U.S. 235, 253 (1958); <u>International Medical Group, Inc. v. American Arbitration Association, Inc.</u>, 312 F.3d 833, 846 (7th Cir. 2002)).  The minimum contacts requirement serves two objectives:  "[i]t protects against the burdens of litigation in a distant or inconvenient forum" unless the defendant's contacts make it just to force him or her to defend there, and "it acts to ensure that the States, through their courts, do not reach out beyond the limits imposed on them by their status as co-equal sovereigns in a federal system."  <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 292 (1980).

Depending on the nature of the contacts, a court may exercise general or specific personal jurisdiction over a defendant.  <u>RAR, Inc. v. Turner Diesel, Ltd.</u>, 107 F.3d 1272, 1277 (7th Cir. 1997).  When the defendant's contacts with the state are sufficiently

continuous, systematic and general, the court may exercise jurisdiction over the defendant in any suit based on any controversy. <u>International Medical Group</u>, 312 F.3d at 846. When a defendant's contacts with the state are more limited but are related to or give rise to the specific controversy in issue, as in this case, a court may exercise specific jurisdiction over the defendant with respect to that controversy. <u>Logan Productions</u>, 103 F.3d at 52. Because the implications are far greater, the constitutional standard for general jurisdiction is considerably more stringent than the standard for specific jurisdiction. <u>Purdue Research Foundation</u>, 338 F.3d at 787.

Exercise of specific personal jurisdiction is proper when three requirements are met: 1) defendant has purposefully established minimum contacts with the forum state; 2) the cause of action arises out of or relates to those contacts; and 3) the exercise of jurisdiction is constitutionally reasonable. <u>RAR</u>, 107 F.3d at 1277. "Crucial to the minimum contacts analysis is showing that the defendant should reasonably anticipate being haled into court in the forum State, because the defendant has purposefully availed itself of the privilege of conducting activities there." <u>Id.</u> (internal quotes and alterations omitted) (quoting <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 474-75 (1985)).

Plaintiff asserts that the three sales and shipments that defendants made to Wisconsin residents are more than sufficient to show that they purposely directed sales at Wisconsin residents, but its assertion is unpersuasive. Although the Supreme Court has held

10

that even a single sale may be enough to establish specific jurisdiction, plaintiff still must show a substantial connection between the sale and the forum state. Burger King, 471 U.S. at 475. Two of defendants' Wisconsin sales were to Podshadley's aunt in November 2008. The other sale was to a spouse of one of plaintiff's employees and occurred only because plaintiff sought out contact with defendants. As defendants note, these sales are nothing like the ongoing and repeated sales to a customer found in the cases cited by plaintiff. Langeman Manufacturing, Ltd. v. Pinnacle West Enterprises, 524 F. Supp. 2d 1112, 1119 (W.D. Wis. 2007) (allegation that defendant sold infringing products to one Wisconsin customer on several occasions was evidence that defendant purposefully directed sales activities into state); Wayne Pigment Corp. v. Haloz & Hammond Group, Inc., 220 F. Supp. 2d 931, 936 (E.D. Wis. 2002) (defendant purposefully availed itself of Wisconsin by sending samples of products into state). Other federal courts that have determined that personal jurisdiction may not be based on contacts "manufactured" by a plaintiff. E.g., Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 395, 400-01 (4th Cir. 2003); Chloe, Div. of Richemont North America, Inc. v. Queen Bee of Beverly, 571 F. Supp. 2d 518, 524 (S.D.N.Y. 2008) (summarizing cases holding same).

Along with each of the wine shipments, defendants included informational materials and an order form for its wines. Although plaintiff characterizes these activities as "advertising" and "soliciting" Wisconsin business, plaintiff has not alleged that defendant

11

Podshadley did more than send two existing customers additional information on his winery. Defendants did not send mailings or unsolicited e-mails to the state or advertise for their site within Wisconsin.  Podshadley's unsolicited or direct mailing to his aunt appears to be nothing more than one family member announcing the start of a new business to another family member.   Plaintiff cannot argue seriously that three isolated sales show that defendants have made such purposeful availment of the benefits of Wisconsin's laws that they could reasonably anticipate being haled into court in this state.

Even assuming that the three sales are enough to establish jurisdiction, plaintiff has not shown the necessary nexus between the three sales and the cause of action.  Hy Cite, 297 F. Supp. 2d at 1164.  "[S]pecific jurisdiction is not appropriate 'merely because a plaintiff's cause of action arose out of the general relationship between the parties; rather, the action must directly arise out of the specific contacts between the defendant and the forum state.'" RAR, 107 F.3d at 1278 (quoting Sawtelle v. Farrell, 70 F.3d 1381, 1389 (1st Cir. 1995)). Plaintiff has not alleged that the three sales of defendants' wine in Wisconsin resulted in a direct harm to its business.  Plaintiff alleges potential confusion in California wine country where TREK bicycling tours are offered and TREK energy drinks are sold.  The sales to Podhsadley's aunt and plaintiff's representative could not possibly have resulted in consumer confusion over the source of the wine.  Chloe, 571 F. Supp. 2d at 525-26.

12

Plaintiff adds that defendants' wines are available for purchase by Wisconsin residents over the internet through their own website, the website of the California Waterfowl Association and a Facebook page.  Although it is true that a finding that a defendant uses the internet to engage in repeated commercial transactions may support the exercise of personal jurisdiction, there must be a corresponding finding that the defendant is expressly targeting residents of the forum state and not just making themselves accessible to everyone regardless of location.  Hy Cite, 297 F. Supp. 2d at 1161.  With the exception of two sales to Podshadley's aunt and the communication between the parties, the internet activities identified by plaintiff consist of nothing more than defendants' potential contacts with Wisconsin residents.  Both defendants' website and the third-party websites are akin to an advertisement in a magazine with a national circulation.  Defendants do not control who views it or responds to it.  Hy Cite, 297 F. Supp. 2d at 1164 (citing Sunbelt Corp. v. Noble, Denton & Associates, Inc., 5 F.3d 28, 33 n. 10 (3d Cir.1993) (advertisement in national periodical circulated in forum state insufficient to establish personal jurisdiction); Singletary v. B.R.X., Inc., 828 F.2d 1135, 1136-37 (5th Cir.1987) (same)).

Plaintiff cites this court's decision in Ledalite Architectural Products v. Pinnacle Architectural Lighting, Inc., 2009 WL 54239, *2 (W.D. Wis. Jan. 7, 2009), in support of its argument that the existence of third-party website advertising and promoting defendants' products is sufficient to establish personal jurisdiction.  In Ledalite, the court reasonably

13

could infer that the third party was an independent sales representative located in Wisconsin that sold defendant's products in Wisconsin.  Id.  However, the third party in this case, the California Waterfowl Association, has no apparent connection to Wisconsin consumers.

Finally, plaintiff suggests that defendants' communications with the Wisconsin Department of Revenue with respect to the three sales indicates that defendants are seeking the benefit of Wisconsin law.  However, a review of Podshadley's deposition testimony indicates that he made these communications to insure his compliance with Wisconsin law with respect to the three sales made in the state.  He specifically testified that he has no intent to seek a Wisconsin license for future sales.

In sum, because plaintiff has failed to meet its burden to show the existence of specific jurisdiction under the purposeful availment test, I am granting defendants' motion to dismiss for lack of personal jurisdiction.

ORDER

IT IS ORDERED that the motion to dismiss for lack of personal jurisdiction, dkt. #25, filed by defendants Trek Winery, LLC and Andrew Podshadley is GRANTED.  The

14

clerk of court is directed to enter judgment dismissing this case without prejudice to plaintiff

Trek Bicycle Corporation's refiling it in another district.

Entered this 2nd day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

15